NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER FINLAYSON, )
)
        Appellant, )
)
v. )     Case No. 2D16-305
)
STATE OF FLORIDA, )
)
        Appellee. )
_____ )

Opinion filed March 1, 2017.

Appeal from the Circuit Court for Polk
County; Wayne Durden, Judge.

Christopher Carver, Bushnell, (withdrew)
for Appellant.

Howard L. Dimmig II, Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

**ORDER FOLLOWING SHOW-CAUSE PROCEEDING**

PER CURIAM.

Attorney J. Christopher Carver represented Appellant Christopher Finlayson in the trial court in the criminal case underlying the present appeal and, when Mr. Finlayson was convicted and sentenced, filed a notice of appeal. As no appellate filing fee accompanied the notice of appeal, this court responded to the filing of the notice with its standard fee order. The order required the appellant, as represented by Attorney Carver, to submit to this court the filing fee or indigency documentation from the circuit court within twenty days of the date of the order, failing which the appeal would be subject to dismissal and counsel subject to sanctions. Attorney Carver did not respond to this order. The court later followed up with an order directing Attorney Carver to respond to the fee order within ten days. When Attorney Carver failed to timely respond, the court by order reminded him of the two previous orders, giving him fifteen days to respond by either satisfying the initial fee order or filling a status report on his efforts to do so. The order also reminded Attorney Carver of the risk of dismissal and sanctions. Once again, Attorney Carver failed to respond. Finally, the court directed Attorney Carver to appear at the court's November 28, 2016, oral argument session to show cause why he should not be sanctioned for his failure to respond to the three orders just described.

Attorney Carver appeared as scheduled. In response to the court's inquiries, his attempts to articulate why he failed to respond to this court's orders were many and varied, but none adequately explained why it took four court orders, the last triggering a time-wasting[1] show-cause appearance, to finally get his attention.

---

[1]The process involved in arranging a show-cause appearance for a recalcitrant attorney, informally dubbed a "visit" in this court, is labor- and time-intensive. Of course, so are many processes undertaken by the court's legal and clerical staff, but

Because Attorney Carver was unable to adequately explain his failure to respond to three successive orders issued by this court, the court will be referring him to The Florida Bar upon the issuance of this order.[2]

KELLY, CRENSHAW, and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

"visits" are particularly unproductive in the sense that much time and labor are spent on a matter collateral to the substance of the appeal and even to the preliminary procedural matters involved in an appeal. Of greater significance, time passes as an appellant—who may ultimately win a reversal—waits in prison for a process to be completed that should not have been necessary in the first place.

[2]Following his show-cause appearance, Attorney Carver obtained and submitted to this court a clerk's certificate of indigency appointing the public defender. By separate, unpublished order this court granted Attorney Carver's motion to withdraw as counsel and discharged its order to show cause.